FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| ANTHONY OKON, Star #15833, | ) |
| JOSEPH MALEK, Star #17438, | ) |
| KATIE BLOCKER, Star #14472, and | ) |
| RICARDO ANGUIANO, Star #14446, | ) Plaintiff Requests Trial by Jury |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, DANIEL WOODS, by and through his attorney, the Law Office of Sean Brown, for his Complaint against defendants, CITY OF CHICAGO, ANTHONY OKON, Star #15833, JOSEPH MALEK, Star #17438, KATIE BLOCKER, Star #14472, and RICARDO ANGUIANO, Star #14446, alleges as follows:

## PARTIES

1. Plaintiff DANIEL WOODS (hereinafter "WOODS") is an African American male and is a resident of Chicago, Cook County, Illinois.

2. Defendant CITY OF CHICAGO is a municipal corporation incorporated under the laws of the State of Illinois.

3. Defendant ANTHONY OKON, Star #15833, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

1

4. Defendant JOSEPH MALEK, Star #17438, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

5. Defendant KATIE BLOCKER, Star #14472, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

6. Defendant RICARDO ANGUIANO, Star #14446, is a CITY OF CHICAGO police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO Police Department. This defendant is being sued in his individual capacity.

## JURISDICTION AND VENUE

7. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].

8. This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. Sections 1331 and 1343(a).

9. This Court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

10. This Court has personal jurisdiction over defendants as they are residents of Illinois, and all actions complained of herein occurred in Illinois.

11. Venue is proper in this District because all of the conduct complained of occurred in this district.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. On or around September 27, 2018, WOODS was seized by the defendant police officers at or about the 8200 block of South Loomis Boulevard, in the CITY OF CHICAGO, County of Cook, State of Illinois.

13. On said date, WOODS was a front seat passenger in a Chrysler minivan traveling westbound on 82nd Street, in the CITY OF CHICAGO, County of Cook, State of Illinois.

14. The vehicle was being driven by Arthur Brooks.

15. Defendant police officers curbed the vehicle in the 8200 block of South Loomis Boulevard for allegedly failing to stop at a stop sign.

16. At such time, defendant police officers initiated contact with WOODS, and defendant police officers tackled WOODS to the ground.

17. At said time, defendant OKON and defendant MALEK did proceed to use excessive force on WOODS.

18. This force includes but is not limited to one or more of the defendant police officers striking WOODS multiple times about the head and body with a closed fist causing physical injury to WOODS while WOODS lay face down on the street pavement.

19. During said time the defendant police officers were striking WOODS, defendant MALEK yelled, "GIVE ME YOUR HANDS, NOW BITCH!"

20. This force includes but is not limited to one or more of the defendant police officers standing on WOODS' neck with a foot while WOODS lay face down on the street pavement.

21. On said date, one or more of the defendant police officers, who were on scene, caused WOODS to be handcuffed and taken to the Area South Chicago Police Station, located at

or about 727 East 111th Street, in the CITY OF CHICAGO, County of Cook, State of Illinois.

22. As a result of the brutal attack by defendant police officers, WOODS was taken to Roseland Community Hospital by one or more officers where WOODS complained of trauma to multiple areas.

23. Medical staff At Roseland Community Hospital observed WOODS to have sustained a laceration to his left eyebrow 2cm in length; a knot on his right forehead; an abrasion to his elbows; bruises to his right side; and a small abrasion to the left side of his head

24. WOODS received 4 sutures to his left eyebrow while in the care of Roseland Community Hospital.

25. After placing WOODS under numerous medical exams, medical Staff at Roseland Community Hospital also determined WOODS sustained a fractured nose and a fractured rib.

26. After being discharged from the hospital, the defendant police officers charged WOODS with possession of a firearm.

27. One or more of defendant police officers alleged in police reports that WOODS exited the vehicle while carrying a firearm in his right hand.

28. Body camera footage from the incident shows that WOODS did not have a firearm in his hands as he exited the vehicle.

29. The defendant police officers arrested WOODS without any probable cause that a crime had been committed by WOODS.

30. That since the date of this attack, WOODS has been continuously detained in the Cook County Jail as a result of the defendant police officers' actions.

31. As a result of one or more of the defendant police officers' actions, they caused WOODS great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, and other consequential damages.

32. Defendants' aforementioned acts were willful, wanton, malicious, and done with reckless indifference to and/or callous disregard for WOODS' rights and justify the awarding of significant damages in an amount to be ascertained according to proof at the time of trial.

33. By reason of defendants' above-described acts, WOODS was required to retain attorneys to institute, prosecute, and render legal services to him in this action so that he may vindicate the loss and impairment of his rights. For this reason, WOODS requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, The Equal Access to Justice Act or any other provision set by law.

## -FEDERAL CLAIMS -

**COUNT I: UNREASONABLE SEIZURE AGAINST INDIVIDUAL DEFENDANTS**

34. Plaintiff realleges and incorporates herein by reference paragraphs one to thirty-three (1-33) as if set forth in full herein.

35. By reason of defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

36. Defendants seized Plaintiff unreasonably, without probable cause or reasonable suspicion. Therefore, one or more of the defendant police officers are liable for this seizure under 42 U.S.C ¶ 1983.

**COUNT II: EXCESSIVE FORCE & FAILURE TO PROTECT
AGAINST INDIVIDUAL DEFENDANTS**

37. Plaintiff realleges and incorporates herein by reference paragraphs one to thirty-three (1-33) as if set forth in full herein.

5

38. By reason of one or more of the defendant police officers' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.

39. The force used on Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth and Fourteenth Amendment rights. The force described above was without legal cause and constituted unnecessary and unreasonable excessive force.

40. Any officer who failed to protect Plaintiff from excessive force, despite a reasonable ability to do so, is also liable.

41. Therefore, one or more defendant police officers are liable to WOODS under 42 U.S.C ¶ 1983 for violating his Constitutional right to be free from excessive force.

### COUNT III: EQUAL PROTECTION VIOLATION
### AGAINST INDIVIDUAL DEFENDANTS

42. Plaintiff realleges and incorporates herein by reference paragraphs one to forty (1-40) as if set forth in full herein.

43. The defendant police officers violated WOODS' right to equal protection under the Fifth and Fourteenth Amendments to the United States Constitution to be free from discrimination on account of race and gender.

44. WOODS, as an African American male, is a member of a protected class.

45. Defendant police officers are not of African American descent.

46. Defendant MALEK'S conduct, including calling WOODS a "bitch," demonstrated discriminatory animus towards Plaintiff because the word "bitch" is an intensely degrading sexual epithet that expresses a hostile attitude.

47. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's Constitutional rights.

6

48. Therefore, one or more defendant police officers are liable to WOODS under 42 U.S.C ¶ 1983 for causing the violations of his rights as described above.

### COUNT IV: MONELL CLAIM AGAINST CITY OF CHICAGO

49. Plaintiff realleges and incorporates herein by reference paragraphs one to forty-eight (1-48) as if set forth in full herein.

50. The City of Chicago's policies and practices ensure that officers who commit constitutional violations against citizens go unpunished.

51. Police officers for the City of Chicago can accumulate shockingly high numbers of complaints against citizens, yet they are almost never counseled, instructed, guided, or trained to stop (let alone disciplined for their actions).

52. Because of these policies and practices, Chicago police officers can and do commit constitutional violations with impunity, protected by the knowledge that they will suffer no consequences for their actions.

53. This policy and practice of not preventing or stopping police misconduct caused Plaintiff to suffer the constitutional deprivations that he did. The officers who violated his rights did so with the knowledge that they could do as they pleased and would never have to face punishment for their actions.

54. Therefore, the City of Chicago is liable to Plaintiff under 42 U.S.C ¶ 1983.

### COUNT V: FALSE ARREST AGAINST ALL DEFENDANTS

55. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

56. The actions of the defendant police officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendments.

57. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person.

58. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

59. Therefore, one or more defendant police officers are liable to WOODS under 42 U.S.C ¶ 1983 for violating his Constitutional right to be free from false arrest.

### -STATE SUPPLEMENTAL CLAIMS AGAINST - ALL DEFENDANTS

### COUNT VI: BATTERY

60. Plaintiff realleges and incorporates herein by reference paragraphs one to forty-one (1-41) as if set forth in full herein.

61. One or more defendant police officers, without any legal cause, made unwelcome, offensive, and harmful physical contact with WOODS.

62. In committing the acts alleged in the preceding paragraphs, the defendant officers were members and agents of the CITY OF CHICAGO Police Department acting at all relevant times within the scope of their employment.

63. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

64. Therefore, all defendants are liable under the Illinois state law claim of battery.

### -STATE SUPPLEMENTAL CLAIMS AGAINST CITY OF CHICAGO-

### COUNT VII: STATUTORY LIABILITY under 745 ILCS 10/9-102

65. Plaintiff realleges and incorporates herein by reference paragraphs one to sixty-four (1-64) as if set forth in full herein.

66. Pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs)

for which an employee police officer, acting within the scope of his employment, is found liable.

67. The acts and/or omissions of the defendant officers were committed within the scope of their employment.

68. As a result, in the event that a judgment for compensatory damages is entered against one or more of the defendant officers, the CITY OF CHICAGO must pay the judgment as well as the associated attorneys' fees and costs.

## COUNT VIII: WILLFUL AND WANTON SUPERVISION

69. Plaintiff realleges and incorporates herein by reference paragraphs one to sixty-eight (1-68) as if set forth in full herein.

70. Based upon the conduct of defendant officers, it is reasonable to assume that complaints have been recorded with either the Internal Affairs Division of the Chicago Police Department or the City of Chicago Independent Police Review Authority and will so be uncovered through the discovery process.

71. The CITY OF CHICAGO had and has a duty to supervise its police officers, including the defendant officers, to ensure that they are not committing constitutional violations during their encounters with citizens.

72. The CITY OF CHICAGO and/or its agents willfully and wantonly supervised the defendant officers by failing to respond to their pattern of misconduct and/or correct their pattern of behavior.

73. Through their actions and inactions in supervising the defendant officers, the CITY OF CHICAGO and/or its agents displayed deliberate indifference and a conscious disregard for the safety and physical and psychological well-being of its and their citizens.

74. The willful and wanton acts and omissions of the CITY OF CHICAGO and/or its agents proximately caused plaintiff's injuries.

75. If the CITY OF CHICAGO had properly supervised the defendant officers and responded to their pattern of misconduct, plaintiff would not have suffered the constitutional violations or the malicious prosecution he suffered at the hands of the defendant officers.

76. As a result of the CITY OF CHICAGO's willful and wanton supervision of the defendant officers, Plaintiff was injured physically, emotionally, and otherwise from the loss of certain constitutionally protected liberty and related rights.

77. Therefore, the CITY OF CHICAGO is liable under the supplemental state law claim of willful and wanton supervision.

**WHEREFORE**, Plaintiff WOODS respectfully requests:

A. That he be awarded compensatory damages in an amount to be determined at trial to compensate him for mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, medical bills, future pecuniary losses, and other consequential damages;

B. That defendants be required to pay prejudgment interest to Plaintiff on these damages;

C. That Plaintiff be awarded reasonable attorneys' fees, costs, and litigation expenses; and

D. For such other relief as the Court may deem just or equitable.

RESPECTFULLY SUBMITTED,

/s/ *Sean Brown*
   Sean Brown
Plaintiff's Attorney
The Law Office of Sean Brown
111 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
Tel: 312-675-6116
Fax: 312-675-6001
attorneyseanbrown@gmail.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing Complaint will be served upon the following, or an agent thereof, via personal delivery by an individual over the age of 18 who is not a party to this action, and that a notice certifying the same will be filed upon service.

City of Chicago
c/o Anna Valencia, City Clerk
121 N. LaSalle St. #107,
Chicago, IL 60602

Officer Joseph Malek (Star # 17438)
Chicago Police Department
3510 S. Michigan Ave.
Chicago, IL 60653

Officer Katie Blocker (Star # 14472)
Chicago Police Department
3510 S Michigan Ave.
Chicago, IL 60653

Officer Anthony Okon (Star # 15833)
Chicago Police Department
3510 S. Michigan Ave.
Chicago, IL 60653

Officer Ricardo Anguiano (Star # 14446)
Chicago Police Department
3510 S. Michigan Ave.
Chicago, IL 60653

/s/ *Sean Brown*

Sean Brown
Attorney for Plaintiff